**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jordan L. Williams,

      Plaintiff,

v.

Nordstrom Incorporated,

      Defendant.

No. CV-26-01508-PHX-JZB

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

Pending before the Court is Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" ("IFP Motion"). [1] (Doc. 3.) Because Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this action, the Court **recommends** the IFP Motion be **granted**. Furthermore, because Plaintiff's Complaint (doc. 1) fails to state a claim upon which relief may be granted, the

---

[1]    This Report and Recommendation is filed pursuant to General Order 21-25, which notes that:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

> IT IS FURTHER ORDERED designating [Senior United States District Judge Stephen M. McNamee] to review and, if deemed suitable, to sign the order of dismissal . . . .

Court **recommends** the Complaint be **dismissed without prejudice** pursuant to 28 U.S.C. § 1915.

## I.      IFP Motion.

In his IFP Motion (doc. 3), Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). The Court may authorize the filing of a suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the filing fees or costs. 28 U.S.C. § 1915(a). The Court, having determined that Plaintiff is unable to pay the Court's fees, **recommends** the IFP Motion be **granted**.

## II.      Screening Complaint.

Because Plaintiff is attempting to proceed *in forma pauperis*, the Court will, pursuant to 28 U.S.C. § 1915, screen Plaintiff's Complaint.[2] 28 U.S.C. § 1915(e)(2)(B) ).

### A. Background.

This action arises out of alleged gender discrimination in the workplace. (Doc. 1 at 3.) Plaintiff asserts that he was harassed, retaliated against, and terminated from his employment due to his gender. (*Id.* at 4, 8–9.) Plaintiff's gender is male, and he alleges that when he worked for Defendant, he "was one of the only male employees on a predominantly female team." (*Id.* at 10.)

In his Complaint, Plaintiff alleges that, while working for Defendant, multiple coworkers made false accusations and spread rumors against him. (*Id.*) He was also "informed that certain employees stated they would quit if [he] were promoted." (*Id.*)

Plaintiff avers that he reported concerns regarding the accusations, rumors, and statements to management several times. (*Id.*) This included informing the store manager Jennifer Reasbeck. (*Id.*) Plaintiff states that "[a]lthough [he] was told that an investigation would be conducted, [he] was not provided any follow-up [and t]he harassment continued

---

[2]      This statutory screening is not limited to prisoners. Rather, 28 U.S.C. § 1915(e)(2)(B) applies to any *in forma pauperis* application. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

and escalated." (*Id.*) Additionally, Plaintiff notes that one of the employees involved in spreading the rumor and harmful statements was later promoted. (*Id.*) He further states that the individuals promoted were less experienced than him. (*Id.* at 8.)

Following these occurrences, Plaintiff was required by store manager Reasbeck to perform "the exact managerial duties for which [he] was denied the title and pay." (*Id.*) Plaintiff states that "[t]he combination of being forced to perform uncompensated managerial labor" and Defendant's decision to promote and "reward [his] harassers" created an "intolerable work environment" which led to his "constructive discharge and resign[ation] on May 26, 2025." (*Id.* at 9.)

The Court notes that Plaintiff only mentioned his gender once in his Complaint, *see* (*id.* at 10), and has not explained how his gender played a role in any of the aforementioned occurrences.

## B. Legal Standards.

The Court must dismiss an *in forma pauperis* complaint if it is: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). If the Court finds that dismissal is required, it may dismiss the complaint with leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In analyzing *pro se* filings, the United States Court of Appeals for the Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

- 3 -

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. All three counts contained within Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

### C. Discussion.

While not eminently clear, Plaintiff appears to assert the following three claims under Title VII: (1) termination of his employment due to gender; (2) unequal terms and conditions of employment; and (3) retaliation. (Doc. 1 at 4.) Before addressing each claim, the makes two notes on this action. First, Plaintiff has exhausted his administrative remedies and timely filed suit. *Compare* (*id.* at 4–5, 13); *with Scott v. Gino Morena Enters.*, LLC, 888 F.3d 1101, 1106 (9th Cir. 2018) ("First, a claimant must exhaust administrative remedies by filing a charge with the EEOC . . . and receiving a right-to-sue letter. . . . Second, after exhausting administrative remedies, a claimant has 90 days to file a civil action.") (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)). Second, Title VII prohibition of gender discrimination "protects men as well as women." *Oncale v. Sundowner Offshore Servs.*, Inc., 523 U.S. 75, 78 (1998).

1. Termination of Employment.

Plaintiff's Complaint fails to state a claim for unlawful termination of employment due to gender. Here, Plaintiff does not allege that he was fired by Defendant. (Doc. 1 at 9.) Rather, Plaintiff alleges that he was "forced into a constructive discharge and resignation"—*i.e.*, a constructive termination. (*Id.*)

To state a claim for constructive termination under Title VII, a Plaintiff must show the harassment based on their gender was "sufficiently severe or pervasive to alter the conditions of their employment." *Pa. State Police v. Suders*, 542 U.S. 129, 133 (2004)

(cleaned up) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993) ("[T]he very fact that the discriminatory conduct was so severe or pervasive that it created a work environment abusive to employees because of their . . . gender . . . offends Title VII's broad rule of workplace equality.")). Additionally, the Plaintiff must "show that the abusive working environment became so intolerable that [their] resignation qualified as a fitting response." *Suders*, 542 U.S. at 134.

Plaintiff has not carried his burden on the first step. Plaintiff's claim is predicated on gender discrimination, but his Complaint contains a dearth of evidence evincing that any action taken against him was based on his gender. In fact, Plaintiff only mentioned his gender once and failed to present any evidence of how that played into his allegations of harassment, retaliation, and constructive termination. (Doc. 1 at 10.) Even setting this finding aside, the Court does not find that Plaintiff has sufficiently plead that the abusive working environment became so intolerable that "resignation qualified as a fitting response." *See Suders*, 542 U.S. at 134. Therefore, the Court does not find that Plaintiff has stated a claim for constructive termination upon which relief may be granted.

2. <u>Unequal Terms and Conditions of Employment</u>.

Plaintiff likewise fails to state a Title VII claim for unequal terms and conditions of employment. While unclear, it appears Plaintiff's second claim is both for hostile work environment and for disparate treatment.

a. *Hostile Work Environment*.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]" 42 U.S.C.A. § 2000e-2(a)(1). "The statutory prohibition extends to the creation of a hostile work environment that 'is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Fuller v. Idaho Dep't of Corrs.*, 865 F.3d 1154, 1161 (9th Cir. 2017) (quoting *Harris*, 510 U.S. at 21). Such hostile workplace claim requires a showing that the employee "1) was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) this conduct

was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Fuller*, 865 F.3d at 1161. "'The working environment must both subjectively and objectively be perceived as abusive, and the objective analysis,'" in this action, "is done from the 'perspective of a reasonable'" man. *Id.* (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995), *as amended* (Apr. 24, 1995) ("Whether the workplace is objectively hostile must be determined from the perspective of a reasonable person with the same fundamental characteristics.")).

Once again, Plaintiff's Complaint fails to state a claim on the first step. Plaintiff's Complaint fails to show that any conduct, statements, rumors, or allegations about him were based upon his sex. Additionally, Plaintiff has not averred any allegations of physical conduct that were sexual in nature either. Because the Court does not find that the terms and conditions which Plaintiff complains of were based upon his gender, it accordingly finds that he has failed to state a claim upon which relief may be granted.

      b.  *Disparate Treatment*.

Insofar as Plaintiff's second claim asserts a claim for disparate treatment, the Court finds that it is likewise deficient. In analyzing a claim for disparate treatment under Title VII, the Court applies the *McDonnell Douglas* framework. *See Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1123 (9th Cir. 2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "The *McDonnell Douglas* analysis imposes on the plaintiff an initial burden of establishing a prima facie case of discrimination." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998), *as amended* (Aug. 11, 1998). "Specifically, the plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000).

While it appears that Plaintiff has evinced that, under Title VII, he is in a protected class based on gender, *see Oncale*, Inc., 523 U.S. at 78, and that he appears qualified for the role he was in, he fails to meet the remaining elements to establish a prima facie case.

Specifically, he does not establish that he was subjected to adverse employment actions based on gender, nor does he establish that similarly situated individuals outside of his class were treated more favorably. Hence, he fails to state a claim upon which relief may be granted.

    3. <u>Retaliation</u>.

Plaintiff's last claim is one for retaliation. (Doc. 1 at 4.) To establish a prima facie case of retaliation, Plaintiff "must demonstrate that (1) she had engaged in protected activity; (2) she was thereafter subjected by her employer to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action." *Porter v. Cal. Dep't of Corrs.*, 419 F.3d 885, 894 (9th Cir. 2005). "[A]n action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).

Based upon the factual record before the Court, Plaintiff's Complaint fails to state a claim for retaliation. Namely, Plaintiff's Complaint is unclear what act predicated the additional managerial duties. Specifically, Plaintiff appears to state that his application for an assistant managerial position—which he did not receive—was the protected activity he engaged in. (Doc. 1 at 8.) Regarding the alleged adverse employment action, Plaintiff avers that he was required to engage in managerial duties. (*Id.*) While being required to perform additional duties due to a filing of an EEOC complaint can constitute an adverse action, *see Ray*, 217 F.3d at 1241–43, the Court does not find that requiring Plaintiff to perform managerial tasks here amounts to an adverse employment action. This is due to the fact "that an action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." *Id.* at 1243. In short, the Court does not find that requiring an employee who sought a promotion to perform additional duties would deter that employee from seeking a promotion in the future.[3] Therefore, based upon

---

[3] In fact, based upon the Court's "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, it appears that having an employee who unsuccessfully sought a managerial position perform managerial duties does not appear impermissible, considering that the employee—by applying to a managerial role—expressed an interest in performing those

the factual record before the Court, the Court does not find that Plaintiff has stated a retaliation claim upon which relief may be granted.

**III.    Conclusion**.

Because Plaintiff has not stated any claims in his Complaint upon which relief may be granted, the Court recommends the Complaint be dismissed without prejudice. This finding, however, is not the end of this action. Because it appears that the deficiencies with Plaintiff's claims may be remedied by the allegations of other facts and clarification of his arguments, the Court recommends Plaintiff be granted leave to amend his Complaint within 30 days.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's IFP Motion (doc. 3) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint (doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given **30 DAYS** to file an amended complaint.

//

///

//

///

//

///

//

///

//

///

//

additional duties.

- 8 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The Parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the Parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 2nd day of April, 2026.

Honorable John Z. Boyle
United States Magistrate Judge