**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan L. Williams, | No. CV-26-01508-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Nordstrom Incorporated, | |
| Defendant. | |

Pending is Plaintiff Jordan L. Williams's First Amended Complaint ("FAC").  (Doc. 14.)  On April 2, 2026, Magistrate Judge Boyle issued a Report and Recommendation ("R&R"), recommending that Williams's Application to Proceed In Forma Pauperis ("IFP") be granted, and that his Complaint be dismissed for failure to state a claim.  (Doc. 7.)  Williams did not object to the R&R and on April 24, 2026, Judge McNamee adopted it and gave Williams 30 days to amend his Complaint.  (Doc. 8.)  On May 6, 2026, Williams filed his FAC.  (Doc. 14.)  Because Williams proceeds IFP, the FAC must be screened under 28 U.S.C. § 1915(e).

## I.    LEGAL STANDARD

To survive screening, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quotation marks omitted).  To meet this standard, "a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). Thus, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

## II.    WILLIAMS'S FAC

The prior screening order found that Williams failed to state claims for constructive termination, hostile work environment, disparate treatment, and retaliation, because he did not allege facts showing (1) that the alleged harassment was based on his gender, (2) that similarly situated employees outside his protected class were treated more favorably, or (3) an adverse action that was reasonably likely to deter protected activity. (Doc. 7 at 5–8.)

In his FAC, Williams raises the same claims but fails to address the deficiencies identified by the prior order. For example, the original Complaint appeared to assert that Williams was discriminated against because of his gender. Judge Boyle explained that, to state a claim under Title VII, Williams must tie his allegations about the harassment, rumors, and employment actions he experienced to his gender. (Doc. 7 at 4–5.) Rather than provide the missing link between his protected characteristic and the harassment he experienced in the FAC, Williams merely states that "Defendant subjected Plaintiff to discrimination based on sex." (Doc. 14 at 2.) This conclusory statement does not support the reasonable inference that Williams was harassed because of his gender, and failure to allege facts supporting this connection is fatal to Williams's Title VII discrimination claims. 42 U.S.C. § 2000e-2(a)(1) (making it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's race, color, religion, sex, or national origin.")

- 2 -

(emphasis added)).

Similarly, William's statements that "Defendant treated Plaintiff less favorably than similarly situated employees," and that Defendant decreased Williams's hours while increasing "the hours of the individual engaged in the harassment," are insufficient to state a disparate treatment claim. (*See* Doc. 14 at ¶¶ 15, 24.) The first is conclusory, and the second fails to identify whether the harassing individual was, or was not, a member of Williams's protected class. (*See* Doc. 7 at 6 (explaining that to state a claim for disparate treatment, Williams must allege that "similarly situated employees outside his protected class were treated more favorably").)

Williams likewise fails to allege that he participated in a protected activity, a necessary element of his Title VII retaliation claim. Title VII prohibits retaliation against an employee because he has opposed an employment practice made unlawful by Title VII. *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1082 (9th Cir.1996). Although Williams alleges that he complained about harassment to his employer, (Doc. 14 at ¶ 9), he fails to allege the harassment he reported is a practice made unlawful by Title VII. *See Thacker v. GPS Insight, LLC*, 2019 WL 3816720, at *4 (D. Ariz. 2019) ("Put another way, complaints about conduct are not protected for purposes of a retaliation claim unless the conduct fairly falls within the protection of Title VII." (quotation marks omitted)).

In short, each of Williams's claims suffers from inadequate allegations. To survive screening, Williams must do more than recite the elements of a Title VII claim; he must provide specific facts "about what happened, who was involved, how they were involved, when it occurred, and where it occurred." *Martinez v. Standon*, 2019 WL 4640551, at *3 (E.D. Cal. 2019) (dismissing a complaint under 28 U.S.C. § 1915(e) for failure to provide sufficient factual detail). Williams's conclusory accusations amount to "naked assertions devoid of . . . factual enhancement," which is insufficient to survive screening under § 1915(e). *See Iqbal*, 556 U.S. at 678.

///

///

- 3 -

### III.   LEAVE TO AMEND

Because the deficiencies in Williams's FAC may be cured by the addition of factual allegations, he will be granted leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  That said, this will be Williams's second chance to amend.  Should Williams file an amended complaint that suffers from the same defects as identified here and in the prior screening order, it will be dismissed without leave to amend.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (1995) (holding that when amendment would be futile, dismissal without leave to amend is justified).

Williams is reminded that an amended complaint supersedes any prior complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Thus, after amendment, the original complaint is treated as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  And any Defendant not renamed in the amended complaint will remain dismissed from this case.  *See id.*

Accordingly,

**IT IS ORDERED** that the First Amended Complaint, (Doc. 14), is **dismissed**.  Williams has 30 days from the date of this Order to file an amended complaint.  Consistent with LRCiv 15.1, Williams shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.[1]

**IT IS FURTHER ORDERED** that if Williams files an amended complaint, the Clerk of Court shall not issue a summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

///

///

---

[1]   The Local Rules and a Handbook for Self-Represented Litigants are available on this District Court's website.  See U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited June 15, 2026).

**IT IS FURTHER ORDERED** that if Williams does not file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 22nd day of June, 2026.

Honorable Sharad H. Desai
United States District Judge